48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 C.D. MOSIER, Plaintiff-Appellant,
v.
Gary MAYNARD, D.O.C.; Dan M. Reynolds, Warden, Defendants-Appellees,
Tuxa Tilton Ballard and Ronald B. Klinekole, Intervenors.
 No. 92-6019
(D.C. No. CIV-90-14-T)
 United States Court of Appeals, Tenth Circuit.
 Feb. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before HOLLOWAY and McKAY, Circuit Judges, and BELOT,[2] District Judge.
 HOLLOWAY, Circuit Judge.
 
 
 1
 After examining the appellate record, the Oklahoma Attorney General's response for all defendants on possible mootness, as ordered, and Mosier's objection thereto, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R.34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Mosier ("plaintiff") brings this appeal from the dismissal of his civil rights action which challenged policies of the Oklahoma Department of Corrections (DOC) regarding its inmate "grooming code." Plaintiff's action has been the subject of three prior decisions of this court, including two published opinions. Longstreth v. Maynard, 961 F.2d 895 (10th Cir.1992); Mosier v. Maynard, 937 F.2d 1521 (10th Cir.1991) ("Mosier I "). The underlying facts are well known to the parties and are summarized in the above opinions and will not be recited here except as may be necessary to our disposition of this appeal.
 
 
 3
 The complicated procedural history of this matter is in large part a reflection of revisions made by the DOC to the grooming code; at the same time, those revisions have been to some degree in response to this and similar litigation over the grooming code. Plaintiff was granted an exemption to the grooming code based on his religious beliefs in 1986. The subsequent loss of his exemption led to the commencement of this action in the district court in 1990. After this court's reversal of summary judgment adverse to plaintiff in Mosier I, the DOC in September 1991 revised its grooming code to eliminate completely any exemptions based on religious beliefs. Longstreth, 961 F.2d at 898.
 
 
 4
 That position after Mosier I was short-lived; in January 1992 the DOC revised the grooming code again to provide for religious exemptions once more, possibly in response to a successful challenge to the grooming code in an action brought by other inmates. Id. at 899. However, during the fall of 1991 when this no-exemption policy was in effect, plaintiff moved for injunctive relief, which the district court denied. Plaintiff then initiated his second appeal, which was consolidated with two others and resulted in the 1992 opinion in Longstreth, in which the district court's denial of injunctive relief was reversed.
 
 
 5
 On December 31, 1991, during the pendency of plaintiff's second appeal, the district court entered an order dismissing plaintiff's action, and this appeal followed. The opinion in Longstreth, reversing the previous denial of injunctive relief was issued on April 6, 1992, and the case was remanded for further proceedings. Thus, in spite of the order of dismissal from which this appeal was perfected, after mandate issued in Longstreth the district court resumed proceedings in accordance with that mandate.
 
 
 6
 A subsequent motion for injunctive relief was denied by the district court, and Mosier filed a fourth appeal (No.92-6322). By this time, plaintiff had successfully applied for an exemption under the 1992 revision to the grooming code, which led this court to conclude in No.92-6322 that injunctive relief had been properly denied as unnecessary. Proceedings in the district court terminated upon entry of final judgment on April 14, 1994, and no appeal was taken from that judgment.
 
 
 7
 From this recitation it is apparent that plaintiff has succeeded in attaining the relief he originally sought and that this dispute has become moot. Accordingly, this appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation